# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MATTHEW ORTA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>M.E. TAYLOR, et al.,<br><br>　　Defendants. | Case No.  1:11-cv-00506-SAB (PC)<br><br>SECOND SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(ECF No. 8)<br><br>(THIRTY-DAY DEADLINE) |

Plaintiff Joseph Matthew Orta ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on March 25, 2011.  (ECF No. 1.)  On June 6, 2011, the Court issued a screening order finding that Plaintiff's complaint stated some cognizable claims.  The Court ordered Plaintiff either to amend his complaint to cure the deficiencies in his non-cognizable claims or to notify the Court that he did not wish to amend and wished to proceed only on the claims found to be cognizable. (ECF No. 6.)

On June 20, 2011, Plaintiff filed an amended complaint.  (ECF No. 8.)  Plaintiff's amended complaint addresses only allegations against Defendant Taylor, the only defendant that Plaintiff failed to state a claim against in his original complaint.  It appears that Plaintiff intended to supplement his original complaint rather than file an amended complaint.

An amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be

"complete in itself without reference to the prior or superseded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court finds that Plaintiff's amended complaint fails to state a claim upon which relief may be granted. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). The Court will not entertain any supplemental complaints and therefore Plaintiff must submit a complaint that is complete in itself.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form and a copy of the Court's first screening order, dated June 6, 2011 (ECF No. 6.);

2. Plaintiff's complaint, filed June 20, 2011, is dismissed for failure to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 6, 2013**

UNITED STATES MAGISTRATE JUDGE

2